### WESSENDORF v CARTER et

Ohio Appeals, 2nd Dist, Hamilton Co

No 4420. Decided Jan 8, 1934

Julius R. Samuels, Cincinnati, for plaintiff in error.

Charles E. Vance, Cincinnati, for defendants in error.

## OPINION

**By HAMILTON, PJ.**

We are of opinion that the Court of Common Pleas was correct in reversing the case. It must be remembered that Wessendorf, the plaintiff, as assignee of Wissel has no greater rights than Wissel, and any defense that might be set up against Wissel by the Carters must be considered as binding upon Wessendorf, the assignee of the claim.

There is evidence tending to show that Wissel relied wholly on the proposition that Bruce had some claim, and that Carters could not give title as provided in the contract. Whatever Wissel may have thought of Bruce's claim, the claim as presented by the record would not constitute a lien on the property. Moreover, there is evidence tending to show that the Carters had fully settled the claim of Bruce, whatever its effect might have been, and had tendered or offered to convey a deed in accordance with the contract. There is evidence tending to show that Wissel within the ten days in which the Carters were to convey the property had contracted to sell his property to other parties, in fact to the plaintiff Wessendorf, who took the claim of Wissel against the Carters as part payment in the exchange. He had, therefore, prior to the expiration of the time in which the Carters were to present the deed in accordance with the contract, placed himself in a position where he would be unable to carry out his contract.

There is some suggestion that Wissel breached the contract, and that the Carters could therefore retain the full $500.00 deposited, regardless of damages. There is no provision to that effect in the contract. The $500.00 was the cash payment on the contract price. It would, therefore, be incumbent upon the Carters to prove the amount of their damage as a set-off. This claimed set-off was proper to set up as against the claim.

There was some suggestion in the trial court that any claim on the part of the Carters would have to be set up in a cross-petition. This is not the case. It is only necessary to set up by cross-petition where affirmative relief is asked. All that the Carters in their second defense claim is a set-off against the plaintiff's claim for the damage they suffered by reason of Wissel's breach. This, they had a right to do as there was evidence of damage.

The Court of Common Pleas was correct in reversing the judgment and remanding the case for a new trial.

The judgment of the Court of Common Pleas is affirmed.

CUSHING and ROSS, JJ, concur.