274

SCHWARTZ, Plaintiff-Appellant, v. BAKER,
Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2087.   Decided April 14, 1950.

John J. Froug, Dayton, for plaintiff-appellant.
Gus W. Byttner, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment for the defendant on his cross-petition.

The issues as drawn on the pleadings and developed upon the facts, in the trial to a judge without a jury, grew out of a written contract. The contract provided for the purchase and sale of certain real estate which was the home of the defendant. The plaintiff agreed to purchase said property upon the following terms:

"We hereby agree to pay for the same the sum of $17,900.00 in the following manner, to-wit: $6,900 cash Bal. of $11,000.00 thro FHA, this offer is subject to $10,000.00 loan."

Possession was to be given the last week in August. The contract was dated July 7, 1948. It further provided:

"In consideration of the purchase of same we have deposited as first payment the sum of $1,000.00 with Norman Baker, broker, as part payment and guarantee of good faith. It being understood and agreed that the deposit money is to be refunded if this proposition is not accepted. If this offer is accepted and we fail to fulfill our part of this agreement within 60 days after approval hereof, I, or we, agree to forfeit said deposit as liquidated damages."

The defendant accepted the proposition and later by letter notified the plaintiff that he could secure a $10,000.00 loan on the real estate described and that he had another real estate transaction pending which involved the money which defendant was to receive from the plaintiff for the property. This letter was dated July 24, 1948.

There were two issues of fact determined by the trial judge as to both of which he held with the defendant. First, that the plaintiff had breached his obligation under the written agreement and second, that the defendant suffered damages thereby.

The defendant raised the issue as to his damages in two ways. First, by a general denial of the averments of the petition that plaintiff had performed his obligations under the contract and second, by cross-petition wherein he set up as special damages the claim that he sold his property to another purchaser for the sum of $17,900.00, the amount at which plaintiff agreed to buy it and to make the sale he was required to pay a broker's commission in the sum of $895. The difference between this commission and the $1,000.00 deposit under the written contract was tendered into court and the judgment was for defendant for $895 with interest and costs.

Four errors are assigned, two of which relate to the weight of the evidence and that the finding and judgment are contrary to law. We may dispose of the first of these without comment because, if the judge was correct in construing the law of the case he had the full right to resolve the evidence in favor of the defendant.

The law of the case is involved in the other two assignments of error. One of which is that the court erred in the admission of testimony as to the meaning of that part of the contract referring to the manner in which the balance of

the purchase price should be secured; the other, that the court improperly awarded special damages to the defendant because they were not the proper subject of special damages.

Upon the question of the ambiguity in the contract, it is the claim of the plaintiff that it is only uncertain in one particular, viz; the meaning of the initials of FHA, which was explained to mean Federal Housing Administration. The defendant asserted and the trial judge took the view that there was ambiguity in the language of the contract in two particulars. First, whether or not the loan was to be restricted to FHA. Second, as to the amount of the loan. The particular difference between the parties was as to the restriction of the loan to FHA only.

In our judgment, the trial judge was correct in permitting evidence to be offered to explain the meaning of the language of the contract. It is not definite in the controlling question. It cannot be determined from the language of the contract alone whether or not the plaintiff was obligated to secure a loan, if possible, of $10,000 or $11,000.00 from any source other than FHA. It is established that he could not secure such a loan from FHA but it further appears that he made no effort to negotiate the loan elsewhere. This obligation, the trial judge held, was enjoined upon him under his contract and in that particular he breached his agreement.

The evidence respecting the transaction leading up to the written agreement and explaining what was said respecting the source of the loan came from five witnesses. Three for and two against the claim of the plaintiff. As we have heretofore said, the court had full prerogative to hold with the defendant upon this issue.

Upon the question of the amount of the damages, if any, which could be awarded to the defendant, plaintiff claims that the only damages which would be appropriate would be based upon the difference between the market value of the property at the time the transfer was to be made and the purchase price agreed by plaintiff to be paid for it.

It is our opinion that although the form of the judgment as to damages would be different if entered upon the issue drawn on the petition and amended answer the effect would be the same as upon the issue drawn on the cross-petition and reply. Such damages do not have to be asserted by cross-petition. **Wessendorf v. Carter, 16 Abs 313.**

In other words, this contract had an express provision for "liquidated damages" in the amount of the deposit. Courts avoid the enforcement of a provision for liquidated damages when it is in the nature of a penalty. But a provision for

liquidated damages serves the purpose of evaluating the amount of the damage, if any suffered, by the defaulting party, the nature of which, many times, it is difficult to develop.

A provision in a contract similar to the one here under consideration was held to be for liquidated damages and not a penalty. Asia Investment Co. v. Levin, (Wash.) 32 A. L. R. 579, and from the annotation following and the cases cited it appears: That the basis for treating such a stipulation as a penalty instead of damages is the inequity which would result by the strict enforcement of the provision. It is proper for the parties to a contract of sale or purchase of real estate, to settle and agree as to the amount of damages to be paid upon a breach instead of leaving the amount to be fixed by a court. If the amount fixed as "liquidated damages" is patently in excess of the actual damages which could under any circumstances result from a breach, in such case, they are regarded as a penalty. It is said that an agreement for damages should be treated as a penalty only in those cases where it is obvious from the contract and the whole subject matter that the principle of compensation has been disregarded. Central Trust Co. v. Wolf, etc. (Mich.) 78 A. L. R. 843, and annotation following.

In any event, such a provision must be interpreted as favorably to the party for whose benefit it was intended as is reasonable and he should be entitled to all damages which naturally flow from the other party's default. In this situation, under the facts as found by the trial judge, it is evident that the defendant suffered the damages in the amount claimed and the plaintiff could not have maintained his claim that he was entitled to the return of the full amount of the deposit.

The case which is recognized as setting forth the controlling rule, under two headings, as to the ascertainment of damages in breach of contract cases is Hadley v. Baxendale, 5 Eng. Rul. Cas. 502. Our facts come under the second classification under which damages are permissible in the situation here developed, namely, those which may fairly be supposed to have been contemplated by the parties as the probable result of such breach. It is logical to hold that where the parties have formally carried into their written agreement a provision for liquidated damages, they mean to include all damages including special damages which the injured party may suffer.

The trial judge could very properly have held that the damages awarded to the defendant were correctly designated "liquidated damages" in the contract and those which arose

278

by reason of the breach of the contract by the plaintiff because defendant was selling his home, had purchased other property to be paid for with the proceeds from the sale to the plaintiff and was put to the necessity of producing the money to pay for his property by the default of the plaintiff.

The judgment may be affirmed upon the proposition that the damages suffered were special in character, as claimed in the cross-petition; that they were such as reasonably could have been anticipated by the parties and that they were included within the language of the contract providing for liquidated damages and could have been awarded had the contract been silent as to damages.

It is basic that the injured party to a written contract is entitled to recover what he has lost by act of the other party Kasner v. Beacon Oil Co. (Conn.) 81 A. L. A. 97. He should have such a sum of money as will put him in the same position as if the contract had been fully performed. Kahn v. Schoen Silk Corp, (Md.) 44 A. L. R. 285; Selman v. Shirley (Or.) A. L. R. 1. Applying this rule, upon the findings of the trial judge, the defendant sustained the damages carried into the judgment.

The judgment will be affirmed. ·

MILLER, PJ, WISEMAN, J, concur.