OPINION
{¶ 1} Plaintiff-appellant, Monica Mertens, appeals a decision of the Clermont County Court of Common Pleas granting summary judgment to defendants-appellees, Philip and Carol Dever.[1] For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} In December 1998, appellees moved into a house on Hearthstone Court in Clermont County. During heavy rains, the couple noticed that water would accumulate in their yard. Because the pools quickly dissipated, however, they took no remedial action. During their first two years at the residence, appellees found that water infiltrated the heating ducts located in the slab foundation. This problem was remedied after appellees cleaned the gutters and downspouts, performed maintenance on the gutters, and installed roof flashing.
 {¶ 3} Beginning in December 2001, the parties negotiated for the sale of the property to appellant. As required by Ohio law, appellees provided a property disclosure form in which they divulged the problems with water drainage and accumulation in the yard. While touring the property, appellant expressed her concern about flooding after observing that the backyard was soft. Appellees explained that water pooled in the yard during heavy rain showers only, and assured her that the pools quickly dissipated and that water did not enter the house.
 {¶ 4} On January 6, 2002, the parties entered into a purchase contract, the execution of which was made contingent upon appellant obtaining financing. Appellant subsequently hired a professional to conduct a whole house inspection. The inspector noted that there was a gentle slope to the yard, but did not detect any drainage problems. In view of the fact that there had been no recent rain, however, the inspector recommended further monitoring of site drainage. While performing a final walkthrough of the property, appellant again inquired about flooding problems. Appellees assured her that water only accumulated in the yard during heavy rains, and that the water dissipated quickly.
 {¶ 5} Appellant decided to go forth with the sale, but was unable to obtain financing. She assigned the purchase contract to her father's company, Indiana Ordinance, Inc. The company purchased the property on January 30, 2002. Neither William Mertens, appellant's father, nor any representative of Indiana Ordinance had contact with appellees prior to the closing. Appellant moved into the residence shortly after the closing. In April 2002, Indiana Ordinance conveyed the property to appellant without consideration.
 {¶ 6} In May, August, and October 2002, appellant's backyard significantly flooded after rain showers. When appellant discovered water in the heating ducts, she contracted with a company to repair the resultant damage to the foundation at a cost of $41,000. After a number of contractors performed additional repairs, the water infiltration into the heating ducts ceased.
 {¶ 7} In July 2003, appellant filed a complaint against appellees alleging misrepresentation, fraudulent concealment, and breach of warranty. In November 2003, Indiana Ordinance assigned to appellant any claims or causes of action it may have involving its purchase of the property in question. Appellant filed an amended complaint in July 2004, incorporating this assignment and maintaining her original causes of action. Appellees submitted a motion for summary judgment, which the trial court granted in June 2005. Appellant timely appealed, raising two assignments of error.
 {¶ 8} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. This court examines the evidence and applies the same standard as that applied by the trial court. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Pursuant to Civ.R. 56(C), summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. See Harless at 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C). See, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Civ.R. 56(E). See, also, Dresher at 293. We are bound by these considerations in reviewing appellant's two assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS-APPELLEES WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER DEFENDANTS-APPELLEES FRAUDULENTLY MISREPRESENTED THE EXTENT OF LATENT DEFECTS DURING THE SALE OF REAL ESTATE."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS-APPELLEES BY DECIDING THE DEFENDANTS-APPELLEES DID NOT FRAUDULENTLY FAIL TO DISCLOSE LATENT DEFECTS TO INDIANA ORDINANCE, INC."
 {¶ 13} Because appellant's first and second assignments of error relate to the propriety of the trial court's granting of summary judgment to appellees in light of the alleged fraud, we will address them together. Appellant argues that the trial court improperly granted summary judgment to appellees, claiming that appellees made fraudulent misrepresentations to her regarding latent flooding and drainage defects in the property. In addition, appellant insists that appellees fraudulently concealed the latent defects from Indiana Ordinance, and that she may assert a claim based on this concealment as the assignee of the company's claims and interests in the property.
 {¶ 14} The central issue in this case is whether the evidence below, when viewed in a light most favorable to appellant, established as a matter of law that no genuine issue of material fact existed concerning one or more of the necessary elements of fraud and whether the absence of any such elements, as a result, entitled appellees to summary judgment on appellant's claims. In order to establish a claim in fraud, appellant must have shown: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material, (3) made falsely, with knowledge of its falsity or with reckless disregard for the truth, (4) with the intent to mislead, (5) justifiable reliance on the representation or concealment, and (6) injury proximately caused by such reliance. Cohen v. Lamko, Inc. (1984),10 Ohio St.3d 167, 169.
 {¶ 15} Initially, we note that a thorough review of the record reveals that the flooding and drainage problems were patent defects, open and observable by an ordinarily prudent person upon reasonable inspection. Tipton v. Nuzum (1992),84 Ohio App.3d 33, 38. "A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination." See Layman v. Binns (1988),35 Ohio St.3d 176, 177. See, also, Masten v. Brenick, Hocking App. No. 99CA8, 2001-Ohio-2500, 2001 WL 803823 at *5. As stated, appellant's home inspector noted in his report that there was a slope to the yard and recommended that appellant monitor the site drainage during and after heavy rains. During a deposition in this case, appellant testified that she noticed the sloping yard and the softness of the ground, and conceded that appellees answered her questions about flooding in the affirmative. This evidence demonstrates that appellant had notice of the open and observable flooding and drainage defects in the property.
 {¶ 16} Assuming, arguendo, that the defects in question could be classified as latent, appellant still cannot recover for fraudulent misrepresentation or concealment because appellees disclosed the defects. The fact that disclosure was not made directly to Indiana Ordinance, the actual purchaser of the property, is not determinative, for an assignee steps into the shoes of the assignor and takes the assignment subject to the defenses that may be asserted by the obligor against the assignor. Citizens Fed. Bank v. Brickler (1996),114 Ohio App. 3d 401, 410; Wessendorf v. Carter (App. 1934), 16 Ohio Law Abs. 313, 315; 6 Ohio Jurisprudence 3d (1996) 82, Assignments, Section 34. As assignee of the purchase contract, Indiana Ordinance is subject to the same defenses that appellees, the obligors, may assert against appellant, the assignor. If appellees established that there were no genuine issues of material fact concerning whether appellant had notice of the defects, then as assignee of the contract Indiana Ordinance had notice of such defects, thus defeating any claim of fraud brought on behalf of the company.
 {¶ 17} Ample evidence supports the conclusion that appellees did not misrepresent or conceal the defects in question. Appellees publicized the existence of the defects on the property disclosure form as well as in response to appellant's repeated inquiries. They provided appellant with numerous opportunities to examine and investigate the property. Appellant toured the property on three separate occasions before deciding to execute the purchase. In addition, as mentioned, appellant employed a professional home inspector to conduct an inspection of the property. Appellant disregarded the inspector's admonitions to further monitor the property during and after heavy rains, and instead elected to consummate the purchase. Indiana Ordinance relied exclusively on appellant's decision to purchase the property, declining to conduct an independent inspection or to submit inquiries of its own to appellees.
 {¶ 18} Appellant argues that appellees' "minimization" of the flooding and drainage defects amounted to concealment. However, in view of appellant's concession that appellees disclosed the defects, we cannot agree that the alleged "minimization" amounted to fraudulent concealment.
 {¶ 19} In view of the preceding facts, we conclude that appellant failed to satisfy her reciprocal evidentiary burden after appellees demonstrated that there were no genuine issues for trial. Accordingly, the trial court properly granted summary judgment in favor of appellees. Appellant's first and second assignments of error are overruled.
 {¶ 20} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.