TIPTON et al., Appellants,

v.

NUZUM et al., Appellees.

[Cite as *Tipton v. Nuzum* (1992), 84 Ohio App.3d 33.]

Court of Appeals of Ohio,
Summit County.

No. 15573.

Decided Nov. 25, 1992.

34

*James Elwell,* for appellants.

*Michael Tramonte* and *John Frisby,* for appellees.

REECE, Judge.

Plaintiff-appellants, Robert D. and Laura A. Tipton, husband and wife, appeal from a summary judgment rendered in favor of the defendants.

In the fall of 1989, the Tiptons were in the market for a house. To assist them in their search, they contacted Velda Orme, an agent with Bruce Wilde & Associates. Orme alerted the Tiptons to a home owned by Carl H. Nuzum and listed for sale through Barb Murray, an agent with Mosholder Realty. After initially viewing the house, Robert Tipton arranged for his uncle, Bill Schultz, to more thoroughly inspect the property.

On October 29, 1989, Nuzum accepted the Tiptons' offer to purchase the property for $46,000. Paragraph 16 of the resulting sales agreement states:

"INSPECTION—Buyer shall have the right to inspect, at his expense, with any contractor(s) he chooses, the structures, its systems, and appliances within 14 days after receipt of signed copy of agreement. If Buyer is not satisfied with the condition, Seller may either make corrections or void the agreement and all the earnest monies on deposit shall be promptly refunded to Buyer. If Buyer does not inspect, inspection is waived, and Buyer takes the property in its *AS IS* condition. After inspection and correction, if any, Buyer accepts property in its present *AS IS* condition." (Emphasis *sic.*)

On November 17, 1989, the Tiptons signed a standard "Right to Inspect" form prepared by Mosholder Realty, Inc. which provides:

"Buyer(s) have exercised their right to inspect and are satisfied with the *AS IS* condition of the property." (Emphasis *sic.*)

Soon after moving into the house, the Tiptons began noticing an accumulation of water on the basement floor. Over time, a crack appeared in the basement floor through which water would seep into the basement. Additionally, paint on the basement wall began pealing off exposing noticeable water stains underneath. When they contacted Nuzum, the Tiptons learned that these problems had been ongoing. Nuzum told the Tiptons that he had taken corrective measures and believed the water problem had been resolved. These measures included pouring new concrete around the perimeter of the basement, applying a sealant to a portion of the basement walls, and installing a sump pump.

On May 23, 1991, the Tiptons filed suit against Nuzum, Bruce Wilde & Associates, Barb Murray and Mosholder Realty. In their complaint, the Tiptons alleged that the defendants fraudulently and/or negligently concealed known defects about the foundation of the house. Each defendant filed a timely answer with cross-claims against the co-defendants. Thereafter, each defendant separately moved for summary judgment on both the complaint and the cross-claims. On December 23, 1991, the Tiptons voluntarily dismissed, without prejudice, their claims against Bruce Wilde & Associates.

The trial court, on January 3, 1992, granted summary judgment in favor of the remaining defendants on the Tiptons' complaint and in favor of each defendant on the cross-claims. The Tiptons appeal raising three assignments of error:

## Assignments of Error

"I. The trial court erred in ruling that, in the sale of real estate, a structural defect is observable or discoverable upon reasonable inspection if the defect is open and obvious to an expert, though the defect may not be open and obvious to non-experts.

"II. The trial court erred in ruling that appellees were entitled to judgment on their motions for summary judgment as a matter of law.

"III. The trial court erred in ruling that, in order for appellants' claim to survive the summary judgment motions, it must be shown that the defect (or evidence of its repair) would not be apparent through reasonable inspection by a licensed contractor."

In *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus, the Ohio Supreme Court stated:

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long* [1956], 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.)"

The issue in this appeal concerns the first of these three conditions. The question arises as to whom must the defect be observable and discoverable. In his concurring and dissenting opinion in *Layman*, Justice Locher construed the majority opinion as holding that a defect is observable and discoverable if it would be apparent to "persons with specialized knowledge in the field of construction and real estate, as opposed to ordinarily prudent persons of like experience." *Layman*, 35 Ohio St.3d at 180, 519 N.E.2d at 646 (Locher, J., concurring and dissenting). Relying upon this interpretation, the trial court in the instant case stated: "Thus, the standard will not vary with the experience of each home buyer, but rather is set at whether the defect is open and obvious to an expert, such as a licensed contractor." Because the Tiptons failed to have an expert inspect the home, the trial court found that the Tiptons presented no evidence that the problems with the basement "would not be discoverable by someone with experience in home inspections."

In contrast, the Tiptons argue that the proper standard is that of an ordinarily prudent person. They point out that the syllabus in *Layman* approves and follows the decision in *Traverse v. Long* (1956), 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256. In *Traverse*, the court held that home buyers should be accorded "the benefit of comparison with ordinarily prudent persons of their station and experience confronted by the same or similar circumstances." *Id.* at 252, 59 O.O. at 326, 135 N.E.2d at 259. Additionally, nowhere in *Layman* does the majority set out an expert standard, instead finding that the defect in that case was readily apparent to any observer.

While we agree that the trial court erred in adopting an expert standard in the discoverability of a defect, this does not mean that inspection by

an expert will never be required. Under certain circumstances, a reasonably prudent person should be put on notice of a possible defect which necessitates either further inquiry of the owner or inspection by someone with more expertise. While the court erred in applying an incorrect standard, we are compelled to uphold its decision if there are alternative grounds supporting it. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174; *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 63, 520 N.E.2d 1375, 1376.

■ In their depositions, the Tiptons admitted that they never specifically asked anyone about the condition of the basement. At most, all they did was indicate to Velda Orme that they wanted a house with a dry basement. On inspecting the home prior to purchase, the Tiptons were aware that a sump pump had been installed in the basement and that the house was built below a hill. Claiming that the basement was poorly lit at the time of their inspection, they did not notice that newer concrete had been poured around the perimeter of the basement or that a "plastic substance" had been applied to a section of the basement walls.

In their second assignment of error, the Tiptons contend that these same facts can lead to differing inferences about the condition of the basement; therefore, material facts remained for trial. See Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273; *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976. However, while we agree that these facts may lead to different conclusions about whether any water problems with the basement had been corrected, this is not the issue. Rather, the issue is whether these facts would put a reasonably prudent person on notice of a possible problem. We find that they would. Even if we ignore those conditions which the Tiptons claim they did not observe, the existence of a sump pump and the fact that a hill slopes toward the house should put a buyer on notice of a potential water problem in a basement.

■ Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either to (1) make further inquiry of the owner, who is under a duty not to engage in fraud, *Layman*, 35 Ohio St.3d at 177, 519 N.E.2d at 643, or (2) seek the advice of someone with sufficient knowledge to appraise the defect. Yet, in the present case, the Tiptons did neither. While claiming that the condition of the basement was of paramount concern, they never asked anyone specifically about the past or present condition of the basement. Instead of arranging for an inspection by someone knowledgeable about foundations, they had an uncle inspect the house.

■ In the case at bar, the contract clearly places the risk as to the existence of any defects upon the Tiptons. The contract states that, subject to inspection, the property is to be accepted in its then "as is" condition. We have previously held that when property is accepted in an "as is" condition, the seller is relieved of any duty to disclose. *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 383, 8 OBR 495, 497, 457 N.E.2d 373, 376. Accordingly, we find the defendants had no duty to disclose any knowledge of past water problems with the basement.

■ While an "as is" contract bars a claim for nondisclosure, it does not bar a claim for positive fraud, such as fraudulent concealment or misrepresentation. *Id.*

■ In the third assignment of error, the Tiptons contend the court erred in granting summary judgment, there being a genuine issue as to whether Nuzum engaged in positive fraud. When a party moves for summary judgment, the responding party "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mere reliance on the pleadings is not sufficient when the motion puts forth facts negating an essential element for which the respondent carries the burden of proof. *Id.;* see *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274–275.

■ The Tiptons claim that the basement walls and floor had been recently painted in a deliberate effort to conceal their condition. However, contrary to their assertion on appeal, in their depositions filed with the trial court, both Robert and Laura Tipton stated that the basement floor was not painted. In support of his motion for summary judgment, Nuzum's affidavit sets forth those steps he took to correct water seepage into the basement. The newer concrete and sump pump were readily observable upon inspection. From these facts, the Tiptons have presented no evidence that Nuzum made any attempt to intentionally conceal known defects. In the absence of any such evidence, the court was correct in finding no positive fraud on the part of the defendants. See *Kaye,* 8 Ohio App.3d at 383, 8 OBR at 497, 457 N.E.2d at 376.

From the foregoing, we conclude that the trial court properly granted summary judgment as to each count of the Tiptons' complaint. Accordingly, the judgment is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.