OPINION
Plaintiffs-appellants, Tom and Ruth Hulett, appeal a decision of the Clermont County Court of Common Pleas granting summary judgment to defendants-appellees, West Shell Realtors and David G. Middendorf. We affirm.
On February 18, 1995, appellants contacted Marcella Masters ("Masters") concerning the purchase of a single family residence in New Richmond, Ohio. Masters was employed by West Shell Realtors as a real estate agent. The property was owned by Middendorf. Appellants spent approximately twenty-five minutes walking through the interior and around the exterior of the residence.
While appellants were looking at the property, they noticed some defects, and asked Masters questions concerning the defects. According to Ruth Hulett's affidavit, the following exchanges with Masters occurred: Appellants noticed that a window was "foggy." Masters told appellants that there was nothing wrong with the window except that the window tint needed to be replaced. Appellants also noticed that there was a damaged board on the deck attached to the house. Masters stated that the "board was the only problem on the deck and the rest of the deck was sound." Appellants also asked about the chimney and Masters told them that the "chimney had been cleaned within the last year and was in usable condition."
Appellants did not request a full house inspection, and only asked for a termite and a septic tank inspection. Appellants signed a purchase contract for the property on February 20, 1995. In the contract, appellants waived an overall inspection of the home. Within a few months, appellants discovered that the windows needed to be replaced and the deck had extensive wood rot. Appellants also discovered that the chimney was unusable because of fourteen cracked bricks.
Appellants filed a complaint against appellees on September 28, 1995, alleging that appellees negligently misrepresented material conditions of the home, negligently failed to disclose latent material defects, and recklessly or knowingly made false statements as to the material conditions of the home. Appellees filed a motion for summary judgment, claiming that the doctrine of caveat emptor precluded recovery for appellants. The trial court granted the motion, finding that
 [Appellants] did not present any evidence that Ms. Masters, West Shell, Inc., or Mr. Middendorf, had additional knowledge beyond what could be observed, of the magnitude of the defects. * * * There has not been any evidence before the Court that the [appellees] were engaged in any effort to conceal the problems within the home, in an effort to defraud a purchaser.
The trial court found that caveat emptor was a viable defense for appellees and that appellants did not present any evidence that appellees' actions rose to the level of fraud. Appellant presents one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANTS] BY GRANTING [APPELLEES'] MOTION FOR SUMMARY JUDGMENT.
Appellants contend that the doctrine of caveat emptor is not a valid defense for appellees. Appellants also claim that Masters' statements about the windows, deck, and chimney constitute fraud.
When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445; Kiep v. City of Hamilton (May 19, 1997), Butler App. No. CA96-08-158, unreported. When reviewing a grant of summary judgment, a reviewing court must follow the standard set forth in Civ.R. 56(C), which specifically provides that before summary judgment can be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Welco Ind. Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346. A party seeking summary judgment on the ground that the moving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate why summary judgment should be granted. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. Layman v. Binns (1988),35 Ohio St.3d 176, syllabus; Czarnecki v. Basta (1996), 112 Ohio App.3d 418,422-23. The reason for the doctrine of caveat emptor is that "[w]ithout the doctrine nearly every sale would invite litigation instituted by a disappointed buyer." Layman at 177.
In the present case, the trial court found that appellees had demonstrated that each of the elements of caveat emptor had been satisfied, and that summary judgment for appellees was appropriate. The following is a discussion of each of the factors of caveat emptor as they apply to this case.
The first factor can be satisfied if it is shown that the condition complained of is open to observation. The conditions complained of by appellants are the wood deck, the chimney, and the windows. Appellees produced evidence showing that appellants noticed a rotted board on the deck and the "foggy" windows. Appellants noticed these defects after examining the property for only twenty-five minutes. Considering that appellants noticed the defects of the wood deck and the windows, we agree with the trial court's conclusion that "reasonable minds would conclude that the defects were open to observation."
The second factor is whether appellants had an unhindered opportunity to examine the premises. Appellants testified that they were not hindered by appellees in any manner from examining the premises. The record also reveals that Masters encouraged appellants to obtain an independent inspection of the property, which appellants refused. Accordingly, we find that the second factor is satisfied.
The third factor is that there was no fraud on the part of the vendor. Fraud is defined as 1) a representation or, where these is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance. Gaines v. PretermCleveland Inc. (1987), 33 Ohio St.3d 54,55.
The Ohio Supreme Court has stated:
 The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation, and determination without concealment or hinderance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud.
Layman v. Binns (1988), 35 Ohio St.3d 176, 177, quoting Traverse v. Long (1956), 165 Ohio St. 249, 252, (emphasis added).
Appellant allege that Masters' statements stated that there was nothing wrong with the windows, and that the rest of the deck was sound, rise to the level of fraud. Appellants' presented no evidence that Masters had knowledge of the defects, but contend that the statements were made with utter disregard and recklessness as to whether they were true or false.
The present case is similar to Yaros v. Olson (Oct. 25, 1990), Cuyahoga App. No. 57648, unreported, where defects which were discoverable upon reasonable inspection existed, and the buyer presented no evidence that the seller had knowledge of the defects. That court found that the seller's statements that "the only defect in the house was the electronic air filter" did not constitute fraud. Id. at 7. While in the present case, Master's statements may have been misstatements or misrepresentations of the conditions of the property, we agree with the trial court's finding that the statements made by Ms. Masters do not rise to the level of fraud. Therefore, we find that appellees have satisfied all three elements of caveat emptor regarding the defects of the deck and windows.
However, we disagree with the trial court's finding that appellees were not liable for chimney defect because of the doctrine of caveat emptor. "A latent defect is one which is not open to observation or discoverable upon reasonable inspection." Cardi v. Gump (May 22, 1997), Cuyahoga App. No. 71278, unreported, at 11. The doctrine of caveat emptor does not apply to latent defects. Czarnecki v. Basta (1996), 112 Ohio App.3d 418,423. Appellees did not present evidence in their motion for summary judgment that the chimney defect was open and obvious. Middendorf's attorney stated during oral arguments that "the only item they [appellants] can question is not open and obvious would be the fireplace, that was still subject to reasonable inspection, and there is not any evidence to suggest that Mr. Middendorf or West Shell had any knowledge of these alleged problems." The chimney defect was discovered only after appellants had a chimney sweep inspect the chimney several months after they had purchased the property.
The first factor of caveat emptor can also be shown if the condition complained of was discoverable upon a reasonable inspection. Appellees contend that the chimney defects could have been discovered if appellants had a complete house inspection. However, the standard for a reasonable inspection is not inspection by a person with experience in home inspections, but that the defect is readily apparent to any observer. Tipton v. Nuzum (1992), 84 Ohio App.3d 33, 37, following Traverse v. Long (1956), 165 Ohio St. 249. To require a prospective purchaser to discover defects that are not open and obvious within "chimney connections by dismantling the structure we believe would be most unreasonable." Tucker v. Kritzer (1988),54 Ohio App.3d 196, 199. Accordingly, we find that appellees have not demonstrated that the first element of caveat emptor has been satisfied regarding the chimney.
However, a reviewing court may affirm a trial court's judgment if upon review, any valid grounds are found to support the trial court's judgment. Wright v. Goshen Twp. (June 9, 1997), Clermont App. No. CA96-11-100, unreported, at 23-24, following Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96. To prove fraud for not disclosing a latent defect, appellants must have shown that Middendorf had knowledge of the defect, or acted with utter disregard and recklessness. Gaines v. Preterm-Cleveland Inc. (1987), 33 Ohio St.3d 54, 55.
The contract of sale between Middendorf and appellants states: "Seller certifies that to the best of his/her knowledge, all fireplaces chimneys, * * * are and will be operational and free from all known material defects on date of possession." The residential property disclosure form states that the seller does not know of any problems or defects with the fireplace/chimney. Appellants claim that these statements are false, and that Middendorf knew of the chimney defects because he had the chimney cleaned before the sale of the property. Appellants argue that when Middendorf had the chimney cleaned, the chimney cleaner noticed the cracked bricks, and then informed Middendorf of the defect. However, appellants do not present any evidence that this is what occurred, and base their theory only upon speculation. We find that this is not enough to demonstrate a question of fact that Middendorf had knowledge of the defect. Even though caveat emptor does not apply to the chimney defects, after having reviewed the record, we find that appellant did not present sufficient evidence in response to the motion for summary judgment to show that Middendorf had knowledge of the latent defect.
Accordingly, we overrule appellants' assignment of error. Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.