OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellants, Timothy J. Durica and Debra Durica, appeal the trial court's decision to grant summary judgment in favor of appellees, Dave Carl and Century 21 — Ready Realty, Inc.
On July 1, 1996, appellants filed a complaint for fraud in the sale of real estate against Scott and Lorraine Donaldson (the "Donaldsons"), and appellees. Appellants' alleged that the Donaldsons failed to disclose that during periods of heavy rainfall, the basement flooded and that appellees, who served as their listing agents for the sale of the property, were aware of the water problem. As a result of their failure to disclose the problem, appellants were induced into signing the purchase agreement. On April 25, 1997, after the parties engaged in discovery, appellees filed a motion for summary judgment, which the trial court granted.
Appellants drove by the home located at 3348 Custer-Orangeville Road in Burghill, Ohio, and then told Paul Rezabec ("Rezabec"), their realtor and good friend, they were interested in seeing it.[1] When they initially viewed the home, it was unoccupied and they spent about an hour seeing it. Appellants were made aware of a water problem through the Residential Property Disclosure Form as required by R.C. 5302.30. Rezabec recommended that appellants get the home professionally inspected. Appellant Timothy Durica recalled that when they saw the home, there was a lot of snow on the ground. He also observed water in the basement and noticed that the walls in the basement appeared to be freshly painted. Nonetheless, on February 5, 1996, appellants signed a purchase agreement to buy the property.
On February 11, 1996, after signing the purchase agreement, appellants attended an open house at the premises. Appellant Timothy Durica recalled asking Mr. Donaldson about the water problem and Mr. Donaldson assured him that the problem was minor and only occurred during periods of heavy rainfall. At the open house, appellee Dave Carl also told appellant Timothy Durica that the sellers assured him that the problem was minor. Appellant Timothy Durica declared that appellee Dave Carl told him that the problem could be corrected from inside the home. Once he obtained possession of the home, he went into the basement and saw "[j]ust puddles of water."
Once the sellers accepted the offer, the transaction was contingent upon a satisfactory home inspection. Based on the home inspection report, appellant Debra Durica stated she felt that the water problem in the basement was minor. She revealed that on February 20, 1996, the day appellants closed on the house, she observed "[w]ater all over the place." It was a constant flow of water so she began mopping the floor. A bit later, her neighbor informed her that the basement had a flooding problem.
Sylvester, who rented the Custer-Orangeville Road home from the Donaldsons for about one year in January 1995, stated that when she resided in the home there was "[w]ater leaking around the fireplace and somewhat on the wall in the second room of the basement. . . ." However, "[t]here was no standing water that [she] observed." Shortly before she moved out, she felt water in the carpet in the basement. She also claimed that the sump pump backed-up. Sylvester maintained that throughout her occupancy, there was water in the basement, but she never sent anything in writing to the Donaldsons about the problem. Nor did she complain about the water until she moved. She recalled mentioning the water problem to appellee Dave Carl on more than one occasion. She explained that:
 "When [she] was cleaning, the folder was in the kitchen for the house because they were gonna show it; and [she] saw the disclosure sheet. And [she] called Dave [Carl] and said you can't do this. You have to disclose that there is water in this basement. And . . . that's when he told [her] he worked for the sellers."
 Yet, when Sylvester was shown the Residential Property Disclosure Form, she claimed that that was not the form she originally saw. Moreover, she admitted that when she told the Donaldsons about the water problem, they never actually said they would not repair it. In fact, she stated that there was no conversation regarding repairs, but she assumed from her conversation with them that it was her problem to resolve. Sylvester averred that she observed Mr. Donaldson and another man removing the paneling from the basement because it was damaged from the water. Furthermore, she indicated that the basement walls had been painted after she moved.
The home inspector recalled inspecting the property on February 13, 1996, for approximately two hours in the presence of appellants. He indicated in his report that after examining the exterior of the home, there was "a good indication that [there] might [be] some water problems in the basement." When he checked the basement, he said that there were areas where he saw water seeping in across the basement floor. Specifically, he explained that "[i]t was more of a seeping water coming in, a stream coming across the floor and going towards the drain." He noted that the gutters on the outside were not extended far enough away to carry the water away from the building. The home inspector pointed out that in our area dampness in basements is common. However, he stated that the amount of water in the basement of the Custer-Orangeville Road home was worse than most houses he had seen. He felt that there was quite a bit of water in the basement.
On April 25, 1997, appellees filed a motion for summary judgment. The Donaldsons also filed a motion for summary judgment on June 13, 1997. Appellants filed briefs in opposition to both motions. On September 11, 1997, the trial court issued a judgment entry granting appellees' motion for summary judgment. In an entry dated September 17, 1997, the trial court noted that appellants' case with the Donaldsons had been settled. Appellants timely filed the instant appeal and now assert the following as error:
 "The trial court erred in determining that [appellees] were not liable to [appellants] as a result of appellees' failure to disclose known defects in the premises."
 In their sole contention, appellants argue that the trial court erred in determining that appellees were not liable to appellants for failing to disclose known defects in the premises. Appellants claim that appellee Century 21 — Ready Realty, Inc., through its agent, appellee Dave Carl, misrepresented the condition of the home and induced them into entering an agreement to purchase the property by concealing information about the water problem in the basement. Appellees deny making any misrepresentations to appellants since appellee Dave Carl did not meet with them until after the purchase agreement had been executed. Further, appellees assert that appellants had the property inspected by a home inspector who advised them of any problems.
In order for a summary judgment to be granted, the moving party must prove:
 ". . . (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
The Supreme Court stated in Dresher v. Burt (1996), 75 Ohio St.3d 280,296:
 "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. . . ." (Emphasis sic.)
If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. Id. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
To satisfy the elements of fraudulent concealment, appellants must demonstrate:
 "`. . . (1) an actual concealment(;) (2) of a material fact(;) (3) with knowledge of the fact concealed(;) (4) with intent to mislead another into relying upon such conduct(;) (5) followed by actual reliance thereon by such other person having the right to so rely(;) (6) with injury resulting to such person because of such reliance(.)'" Pasqualone v. Strauss
(Dec. 17, 1993), Lake App. No. 92-L-174, unreported, at 7-8, quoting Bagdasarian v. Lewis (June 4, 1993), Lake App. No. 92-L-171, unreported at 5.[2]
To demonstrate the elements of fraudulent misrepresentation, appellants must show:
 "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Pre-term Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
Furthermore, the doctrine of caveat emptor continues to apply as the Supreme Court of Ohio noted in Layman v. Binns (1988),35 Ohio St.3d 176, syllabus:
 "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. . . ." (Citations omitted.)
Additionally, in Tipton v. Nuzum (1992), 84 Ohio App.3d 33,38, which involved allegations of fraud in the purchase of a home with an alleged water seepage problem in the basement, the court held that:
 "Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either to (1) make further inquiry of the owner who is under a duty not to engage in fraud, Layman, 35 Ohio St.3d at 177 . . ., or (2) seek the advice of someone with sufficient knowledge to appraise the defect. . . ."
 Moreover, in the present matter, appellants argue that appellees failed to disclose the problem to them. However, this court has held that "when a buyer agrees to accept property `as is,' the seller is relieved of any duty to disclose latent defects." (Emphasis added.) Bagdasarian, supra, unreported, at 5, citing Kaye v. Buehle (1983), 8 Ohio App.3d 381, 383. See, also, Tipton, 84 Ohio App.3d at 39. Hence, while an "as is" contract relieves a seller of the duty of disclosing latent defects, it does not bar a buyer from asserting claims of fraudulent misrepresentation or fraudulent concealment. Pasqualone, supra, unreported, at 15-16.
In the instant matter, appellants acknowledged that they saw water damage when they initially viewed the home with their realtor. Yet, they elected to make an offer on the home. Moreover, the record reflects that after appellants entered into the purchase agreement with the Donaldsons, which was contingent on a satisfactory home inspection, they had an expert home inspector examine the property. The inspection report indicated that "[d]ampness [was] evident" and "[s]eepage [was] evident." The home inspector also stated although dampness in basements is common in our area, the amount of water in the basement was worse than most houses he had seen. Nevertheless, even after receiving the home inspection report, appellants proceeded with finalizing the transaction.
Furthermore, there was also no evidence that appellees knowingly concealed the condition of the basement or that they knowingly misrepresented the condition. Appellants failed to produce any evidence that the broker, appellee Century 21 — Ready Realty, Inc., or its agent, appellee Dave Carl, made affirmative misrepresentations about the soundness of the basement or its lack of water problems. In fact, appellants had not even spoken with appellees until after they had already signed the purchase agreement. In addition, appellants dealt with their own agent, Rezabec, and not directly with appellees prior to executing the purchase agreement.
Appellants' sole basis for a fraudulent concealment and/or misrepresentation claim against appellees consists of allegations that the Donaldsons must have told appellee Dave Carl about a current water problem in the basement, and that this information was not accurately reflected in the Residential Property Disclosure Form. Further, appellants assert that Sylvester told appellee Dave Carl about the water problem. However, based on the record before us, there is no genuine issue of material fact that appellants relied on any of the representations made by appellee Dave Carl regarding a water problem as they signed the purchase agreement several days before they even spoke with appellee Dave Carl. Accordingly, the trial court was correct in granting summary judgment for appellees. Appellants' sole assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
CHRISTLEY, J., NADER, J., concur.
[1] The facts were elicited from the depositions of appellants, Darlene Sylvester ("Sylvester"), and Mark Garland ("the home inspector").
[2] We note that R.C. 5302.30 became effective March 19, 1993, and many of the cases cited in the remainder of this opinion were decided earlier than that date. However, the gist of all of those cases comports with the Residential Property Disclosure Form requirement of R.C. 5302.30.