JOURNAL ENTRY AND OPINION
Lila Jenkins, purchaser of a double home located at 4124 Woburn Avenue in Cleveland, appeals from a judgment of the common pleas court in favor of Brett and Cheryl Kollar, sellers of that property, in connection with her claim that the sellers concealed latent defects and make a material misrepresentation on the real estate disclosure form submitted to her. Jenkins urges on appeal that the court erred because a genuine issue of material fact exists concerning whether the Kollars fraudulently concealed and misrepresented cracks in the foundation and leaks in the basement of the home.
After careful consideration of this case, we have concluded that the court did not err when it granted summary judgment and, therefore, we affirm the judgment of the court.
The record reveals that on May 5, 1996, the Kollars, who at all relevant times, resided in Illinois and used the property as a source of rental income, completed a residential property disclosure statement indicating that the basement, "leaks when it rains." Further, the Kollars indicated that they were not aware of any material problems with the foundation, and they were selling the house in an "as is" condition.
On May 15, 1996, Jenkins toured the home with her real estate agent, Ed Mecklenberg, and offered to purchase the property for $71,400. Three days later, Jenkins returned to the property for a second time and submitted an amendment to her offer which obligated the Kollars to remove "all debris and items left . . . [in] the basement[,] . . . includ[ing] . . . any appliance in the basement. . . . and the scrap wood in the basement."
On May 24, 1996, Jenkins hired Mark Vovk of Ambassador Construction Consultant's Inc. to inspect the property. That investigation revealed vertical and horizontal cracks and moisture stains on all of the basement walls. Because of the debris in the basement, however, Vovk only inspected 20% of the basement walls and 60% of the basement floor.
On May 28, 1996, the Kollars accepted Jenkins May 15, 1996 offer to purchase the property together with the May 18, 1996 amendment. Thereafter, sometime during June 1996, a tenant in the property, Julie Scharfenberg Bond, noticed standing water in the basement and advised Mecklenburg about that condition.
On July 2, 1996, after another inspection by Vovk, Jenkins made a second offer to purchase the property which increased the purchase price to $73,600 but obligated the Kollars to put money into escrow for driveway and electrical repairs that Jenkins wanted the Kollars to perform. The Kollars accepted this offer and the property transferred on July 30, 1996, making Jenkins the owner of the property.
Almost a year later, however, on June 20, 1997, Jenkins sued Brett and Cheryl Kollar for fraudulent misrepresentation and/or concealment of structural damages in the basement, breach of express warranty, and emotional distress. Thereafter, Jenkins, who had testified on deposition that cracks were visible in the foundation at the time of the home inspection and that neither she nor Vovk moved any of the debris to take a closer look at them, acknowledged that she knew of the defects enumerated in Vovk's report, but she did not "put much weight on" the information contained in the report.
The court granted the motion for summary judgment. Jenkins now appeals and raises one assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS AS THERE WAS SUFFICIENT EVIDENCE IN THE RECORD ON WHICH A JURY COULD HAVE REASONABLY FOUND FOR THE PLAINTIFF.
Jenkins urges that the trial court erred in granting summary judgment because she claims the Kollars misrepresented the condition of the premises and fraudulently concealed structural damage resulting in basement leaks. The Kollars assert the court properly granted judgment because they fully disclosed the condition of the property on the real estate disclosure form, and because Jenkins viewed the property and had a professional inspection of it which put her on notice of the condition of the property before she made an offer to purchase it. The issue, then, for our consideration on this appeal concerns whether the court erred in granting summary judgment on Jenkins' claim.
We begin by noting that Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In Layman v. Binns (1988), 35 Ohio St.3d 176, the court considered the claim of a purchaser that the failure of the sellers to disclose a bow in a wall constituted fraudulent concealment. The court stated:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. * * * (Citation omitted.)
Further, in Eiland v. Coldwell Banker Hunter Realty (1997),122 Ohio App.3d 446, our court stated:
 If a purchase agreement states that the buyer purchases real property in its "as is" physical condition, * * * the vendor has no duty to disclose latent defects. * * * An "as is" disclaimer clause in a real estate purchase agreement bars suit for passive nondisclosure, but does not protect a seller from action alleging positive misrepresentation or concealment. * * * Where a purchase agreement clearly indicates that the property is purchased as is, a purchaser may not bring a claim for fraudulent nondisclosure for alleged water problems in the basement. (Citations omitted.)
Additionally, in Tipton v. Nuzum (1992), 84 Ohio App.3d 33, which involved allegations of fraud in the purchase of a home with an alleged water seepage problem in the basement, the court stated:
 Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, * * * or (2) seek the advice of someone with sufficient knowledge to appraise the defect.
In this case, the record reveals that the Kollars sold the property to Jenkins in "as is" condition and disclosed on the real estate form that the basement leaked. Further, Jenkins testified that cracks were visible upon inspection, and she and Vovk, her inspector, had the opportunity to examine the premises on two occasions. Vovk's report reveals the existence of moisture and vertical and horizontal cracks in all of the basement walls, and also indicates that Jenkins should expect moisture in the future. Jenkins, however, testified that she did not put much weight on the information contained in Vovk's report.
Based upon our review of the evidence here and the applicable case law, we have concluded the trial court correctly granted summary judgment to the Kollars. Initially, we recognize that the doctrine of caveat emptor precludes recovery for a defect when the condition is open and obvious and the purchaser has had an opportunity to inspect the premises. Secondly, Jenkins signed an "as is" contract, which pursuant to Eiland, bars her from prosecuting a claim for a passive nondisclosure of water problems in the basement. Finally, the evidence here demonstrates that the Kollars disclosed leaks in the basement. Her duty under Tipton had been to either make further inquiry of the Kollars or seek the advice of a professional to help her appraise the problem. Here, she chose to retain Vovk who advised her about problems with the premises; regrettably she chose to give little weight to his report. Thus, Jenkins cannot now prevail on her complaints of defects which had been disclosed to her and which had been observed by her upon inspection of the premises.
Accordingly, because there are no genuine issues of material fact and because the Kollars are entitled to judgment as a matter of law, we have concluded the trial court did not err when it granted summary judgment. This assignment of error is therefore overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________________ PRESIDING JUDGE, TERRENCE O'DONNELL