OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellants, Larry W. Morgan and Louise K. Hock, appeal the judgment entry granting summary judgment in favor of appellee, Mazza Real Estate ("Mazza"), and appellees, Joseph F. Busch and Janet E. Busch ("the Busches").[1]
Appellants filed a complaint against appellees on October 15, 1998. The complaint alleged that appellants were clients of Mazza. Mazza acted as a dual agent representing appellants and the Busches. A purchase agreement had already been signed on June 16, 1998, when a Mazza agent showed appellants the Busches' property on June 25, 1998.[2] At that time, appellants questioned an odor of animal urine, staining on the walls and ceilings, and inappropriate looking ductwork. According to appellants, a Mazza agent explained that the urine smell was from the carpet because a previous occupant had had a pet, and the inappropriate ductwork was explained as a means of routing more heat to an upstairs apartment. The complaint revealed that appellants again saw the Busches' property on July 1, 1998. During that visit, the Mazza agent stated that the ceiling stains were due to the absorption of moisture from the basement.
The complaint avers that the purchase agreement was signed and accepted on June 16, 1998, and that the sale closed on July 28, 1998. After taking possession, appellants noticed that the stains on the ceiling had been painted over before their lender made an appraisal of the property. On August 3, 1998, as appellants were cleaning the property, they discovered that the odor of animal urine emanated from the ceiling stains and also found that raccoons had nested the attic and interior walls. Appellants located the heating contractor who originally added the extra ventilation. The contractor informed them that the raccoons had caused massive blockage to the heating system with their nesting and excrement and he was told by the previous owner to fix the problem the cheapest way possible.
The Busches' filed an answer and counterclaim on November 2, 1998, and Mazza filed its answer on December 15, 1998. On May 28, 1999, the Busches filed a motion for summary judgment. Attached to the motion for summary judgment was an affidavit from both of the Busches, a copy of the responses from appellants to the Busches' request for admissions, and a copy of the June 16, 1998 agreement for the "as is" purchase and sale of real estate. The Busches' affidavits revealed that the Busches had never met or spoken to either appellant. Further, they asserted that they had never made any representations to appellants regarding the condition of the property. They declared that the only question asked about the property prior to the sale was from an appraiser concerning the dampness in the basement. However, in response to that concern, they had the basement inspected by a qualified person, whose report was attached to their affidavits.
Moreover, in response to the Busches' requests for admissions, appellants' admitted that they voluntarily signed and accepted the agreement for the purchase and sale of the real estate on June 16, 1998. In addition, they acknowledged that they did not "cause or request an inspection of the property by an accredited inspector within seven days after accepting the agreement." Furthermore, appellants admitted that at no time between the execution of the purchase agreement and the closing of the sale on July 28, 1998, did they get the property inspected.
Appellants submitted their memorandum in opposition to the Busches' motion for summary judgment on June 15, 1999. Attached to their memorandum were their affidavits, which declared that "certain representations were made to [them] by [the Busches] and/or their agents regarding the subject matter in that lawsuit, and that those representations were made fraudulently." They also averred that the Busches "engaged in a course of activity designed to conceal serious defects in the property * * *."
Subsequently, on June 24, 1999, Mazza filed a motion for summary judgment. Attached to its motion was an affidavit from the listing agent, which stated that he "did not make any representations concerning the character or condition of the property." Further, he mentioned that appellants "were given every opportunity to inspect the property, obtain any additional reports made on their behalf and to otherwise observe the condition of the property." Appellants filed their memorandum in opposition to Mazza's motion on July 8, 1999. On July 26, 1999, the trial court granted the Busches' and Mazza's motions for summary judgment. It is from that entry that appellants timely filed the instant appeal and now assert the following assignments of error:
 "[1.] The trial court erred in granting summary judgment to [appellees] when there were still fundamental facts at issue.
 "[2.] The trial court erred in granting summary judgment to [appellees] when reasonable minds could come to more than one conclusion.
 "[3.] The trial court erred in granting summary judgment to [appellees] despite contrary substantive law."
As appellants' assignments of error are interrelated, they will be addressed in consolidated fashion. Appellants contend that the trial court erred in granting summary judgment to appellees when there were fundamental facts at issue, when reasonable minds could come to more than one conclusion, and despite contrary law.
In order for a summary judgment to be granted, the moving party must prove:
 "* * * (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296:
 "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. Id. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
To satisfy the elements of fraudulent concealment, appellants must demonstrate:
 "`"* * * (1) an actual concealment(;) (2) of a material fact(;) (3) with knowledge of the fact concealed(;) (4) with intent to mislead another into relying upon such conduct(;) (5) followed by actual reliance thereon by such other person having the right to so rely(;) (6) with injury resulting to such person because of such reliance(.)"'" Durica v. Donaldson (Mar. 3, 2000), Trumbull App. No. 97-T-0183, unreported, at 7, citing Pasqualone v. Strauss (Dec. 17, 1993), Lake App. No. 92-L-174, unreported, at 7-8, quoting Bagdasarian v. Lewis (June 4, 1993), Lake App. No. 92-L-171, unreported at 5.
To demonstrate the elements of fraudulent misrepresentation, appellants must show:
 "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Pre-term Cleveland, Inc.
(1987), 33 Ohio St.3d 54, 55; see, also, Eiland v. Coldwell Banker Hunter Realty (1997), 122 Ohio App.3d 446, 457.
Furthermore, the doctrine of caveat emptor continues to apply as the Supreme Court of Ohio noted in Layman v. Binns
(1988), 35 Ohio St.3d 176, syllabus:
 "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on he part of the vendor. * * *" (Citations omitted.)
Additionally, in Tipton v. Nuzum (1992), 84 Ohio App.3d 33,38, which involved allegations of fraud in the purchase of a home with an alleged water seepage problem in the basement, the court held that:
 "Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either to (1) make further inquiry of the owner who is under a duty not to engage in fraud, Layman, 35 Ohio St.3d at 177 * * *, or (2) seek the advice of someone with sufficient knowledge to appraise the defect. * * *"
 In the case sub judice, appellants argue that the Mazza agent and the Busches failed to disclose certain problems to them. However, this court has held that if a buyer agrees to acquire property "as is," a seller is discharged of any duty to disclose latent defects. Durica, supra, unreported, at 8. See, also, Tipton, 84 Ohio App.3d at 39. However, while an "as is" contract relieves the seller of the duty of disclosing latent defects, it does not bar the buyer from asserting claims of fraudulent misrepresentation or fraudulent concealment. Durica, supra, unreported, at 8. This matter involved an "as is" sale.
In the instant matter, appellants acknowledged that after the purchase agreement was accepted, they questioned an odor of animal urine, staining on the walls and ceilings, and inappropriate looking ductwork when they viewed the home on June 25, 1998. However, at that time, they had already entered into a purchase agreement with the Busches that was signed on June 16, 1998. Pursuant to that agreement, appellants had an opportunity to have the property inspected by an accredited inspector, which they failed to do. Nevertheless, appellants proceeded with finalizing the transaction on July 28, 1998, despite their own observations of the problems. Pursuant to their complaint, they re-visited the property on July 1, 1998, but still had no inspection of the premises conducted.
There was also no evidence that either the Mazza agent or the Busches knowingly concealed or misrepresented the condition of the property. Although the Mazza agent was incorrect as to the source of the staining and the reason for the odd ductwork, such error is not, per se, fraudulent. Appellants failed to produce any evidence that the Mazza agent made fraudulent misrepresentations about the condition or character of the property. Nothing in appellants' submissions addressed the extent of Mazza's agent's actual knowledge. Additionally, the Busches' affidavits reveal that appellants had not even spoken with them at any time during the negotiations. Therefore, we conclude that appellants presented no evidence of fraudulent misrepresentation or fraudulent concealment.
Thus, based on the record before us, there was no genuine issue of material fact that appellants reasonably relied on any fraudulent statements Mazza's agent may have made concerning the condition of the property. Further, if any representations were made, according to appellants' complaint, they were made on or after June 25, 1998, nine days after the purchase agreement was executed. Accordingly, the trial court was correct in granting summary judgment in favor of appellees Mazza and the Busches.
For the foregoing reasons, appellants' assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 ___________________________________________________ DONALD R. FORD, PRESIDING JUDGE
CHRISTLEY, J., O'NEILL, J., concur.
[1] Only Janet E. Busch was included in the original complaint, but on December 22, 1998, appellants amended their complaint to also include Joseph F. Busch.
[2] The record does not indicate if and when appellants viewed the property prior to signing of the purchase agreement.