OPINION
Defendant-appellant Martin Petruzzi appeals from the September 4, 2001, Judgment Entry of the Delaware Municipal Court that granted judgment in favor of plaintiff-appellee James Brenza.
 STATEMENT OF THE FACTS AND CASE
Plaintiff-appellee James Brenza [hereinafter appellee] was interested in purchasing a home from defendant-appellant Martin Petruzzi [hereinafter appellant]. The home was at 78 High Street, Sunbury, Ohio. Pursuant to the sale, appellant provided a Residential Property Disclosure Form to appellee.[1] The Disclosure Form indicated that the "gutter needs fixed" and that the "basement/crawl space" was "moist along the wall after a hard rain, no standing water." (Emphasis original) Further, regarding structural components (foundation, floors, interior and exterior walls), the Disclosure form indicated that appellant had "patched cracks several years ago but no signs of return." The Disclosure Form was signed by appellant.
Appellee visited the basement of the home on three separate occasions. On these occasions, appellee saw no standing water. However, on one occasion, appellee noticed that the basement smelled "a bit musty." Appellee asked appellant about it. Appellant replied that there was no standing water.
The sale went forward. The closing was conducted on June 30, 1999. On the day that appellee took possession, appellee found a puddle of water in the basement. The puddle was approximately one-half inch deep and about 12' x 8' in area. The next day, appellee obtained a camera and took a photo. Appellee testified that after significant rain storms, the basement continued to get standing water in it. Appellee provided two other photographs, one from July, 1999, and one from August, 1999. These photographs showed pools of water in the basement. Further, appellee presented boxes and wood which appellee claimed appellant left behind when appellant moved out of the home. Appellee asserted that the boxes and wood showed evidence of a long-standing water problem in the basement.
Appellee obtained quotes to repair the problem. The quotes ranged from $2,500.00 to $6,000.00. Further, appellee testified that all four of the companies he contacted indicated this appeared to be a long-standing problem. In August, 1999, appellee had the problem repaired for $2,500.00 and has not had a problem since.
Appellant testified on his own behalf. Appellant claimed that the basement was the main storage area for the house. Testimony showed that appellant had stored a lot of boxes and other items in the basement. Appellant testified that there had been no standing water in the basement for several years, but he had earlier had leakage as explained on the Disclosure Form. Appellant presented two witnesses, who testified that they had been in the basement several times and had seen no standing water. Further, both witnesses testified that they had helped moved appellant out of the house on June 30, 1999, and had not seen any standing water.
Appellant's explanation for the water in the basement was that it had not occurred the day appellee took possession of the house. Appellant asserted that it must have occurred later, after appellee failed to fix the gutters and neglected to care for the downspouts of the home.
On June 29, 2001, appellee filed a Small Claims Complaint in the Delaware Municipal Court. A trial was held before a Magistrate on August 2, 2001. On August 3, 2001, the Magistrate issued a Decision that found that appellant's conduct constituted fraudulent misrepresentation. The Magistrate recommended that a judgment be granted in favor of appellee and against appellant for $2,500.00 plus interest and court costs.
Appellant filed Objections to the Magistrate's Decision on August 17, 2001. By Judgment Entry issued September 4, 2001, the trial court overruled appellant's objections. The trial court confirmed the Decision of the Magistrate as the final order of the court.
It is from the September 4, 2001, Judgment Entry that appellant appeals. However, appellant has failed to present proper assignments of error, as contemplated by App.R. 16(A)(3). We are, however, able to ascertain two assignments of error from appellant's Merit Brief:
 [There are] "two reasons that the [trial] court was in error and ruled against the manifest evidence. The first is that the defendant is a prudent person and could view a potential defect that was disclosed and seek the advice of an expert prier [sic] to purchase. He breached his duty to do this. The second is that plaintiff neglected the property and forced past measures to be ineffective. The "standing water" problem was forced after the negligence, NOT the same day as the plaintiff claims." Appellant's Merit Brief, page 2. (Emphasis original)
Therefore, we will address the following assignments of error:
 1. APPELLEE BREACHED HIS DUTY TO SEEK THE ADVICE OF AN EXPERT PRIOR TO PURCHASING THE HOME.
 2. THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE "STANDING WATER" PROBLEM WAS CAUSED BY APPELLEE'S NEGLIGENCE AFTER APPELLEE PURCHASED THE HOME.
 I
In the first assignment of error, appellant argues that because appellee could view a potential defect in the basement, appellee had a duty to obtain the advice of an expert. Appellant contends that the trial court erred when it granted judgment in favor of appellee since appellee breached this duty when he failed to hire such an expert. Because of this breach, appellant concludes that the doctrine of caveat emptor should be applied. We disagree.
The Ohio Supreme Court has recognized that the doctrine of caveat emptor applies to the sale of real estate under the following circumstances:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (Traverse v. Long (1956), 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.)
 Layman v. Binns (1988), 35 Ohio St.3d 176, at syllabus.
As noted above, in order for the doctrine of caveat emptor to protect a seller, the defect must be open and observable. Dennison v. Koba (1993),86 Ohio App.3d 605, 610-611; Tipton v. Binnus, 84 Ohio App.3d 33, 31. A defect is open and observable if an ordinary prudent person would discover it upon reasonable inspection. Id. Therefore, there is generally no need to hire an expert to inspect property. However, appellant cites this court to the Ninth District Court of Appeals case ofTipton v. Binnus, supra, for the proposition that, under limited circumstances, a buyer has a duty to hire an expert to inspect the home.
Tipton does not stand for the proposition that every buyer has a duty to hire an expert. Rather, the Tipton court reaffirmed that the standard to be applied generally continued to be whether the defect is observable and discoverable by an ordinary prudent person. However, the Tipton
court held that under circumstances in which a reasonably prudent person should be put on notice to a possible defect, a buyer "may not simply sit back and then raise his lack of expertise when a problem arises."Tipton, 84 Ohio App.3d at 38. If the buyer becomes aware of a possible problem, the "buyer has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, Layman,35 Ohio St.3d at 177, 519 N.E.2d at 643, or (2) seek the advice of someone with sufficient knowledge to appraise the defect.
In this case, appellant gave appellee a Disclosure Form that identified a problem with dampness on the walls and indicated that there had been patches made to the foundation or other structural feature. Further, appellee once noted it was a "bit musty" in the basement. However, as a result, appellee did make further inquiry of appellant. At that point, appellee exercised his duty under Tipton to inquire further of the owner.[2] Therefore, even if appellant were put on notice of a possible problem, he exercised his duty to inquire of the owner. Tipton
does not state that a potential buyer must hire an expert even if the buyer makes an inquiry of the owner. Tipton expresses the duty to inquire or duty to hire an expert as alternatives. Here, since appellee exercised his duty of inquiring of appellant, he was relieved of any further duty.
Since appellant met any burden that may have been imposed by Tipton, we find appellant's argument fails. Therefore, appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the judgment was against the manifest weight of the evidence. Appellant contends that the evidence showed that the water problem in the basement was caused by appellee's own negligence after appellee purchased the home. Specifically, appellant claims that appellee failed to repair the gutters and downspouts.
In applying the manifest weight standard of review, our role is to determine whether there is relevant, competent and credible evidence upon which a fact finder could base its judgment. Cross Truck v. Jeffries
(Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,281.
As stated above, the trial court found that appellant's conduct constituted a fraudulent misrepresentation. The elements of fraudulent misrepresentation are:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
 Dennison v. Koba (1993), 86 Ohio App.3d 605, 610 (citing Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709,712).
In this case, the parties presented conflicting evidence as to the cause and duration of the standing water problem in the basement. However, upon considering our standard of review, we find there is relevant, competent and credible evidence upon which a fact finder could base a judgment against appellant and in favor of appellee. Testimony showed that appellant orally told appellee that there was not a "standing water" problem in the basement. This statement was confirmed in the Disclosure Form that stated that the basement/crawl space had "moist[ness] along the wall after a hard rain, no standing water." (Emphasis original.)
Appellee testified that he found standing water over a large portion of the basement on the day of closing. Appellee stated that the basement continued to have standing water after significant rainfalls. Further, appellee presented evidence, which if believed, showed that the problem had been a chronic problem prior to closing. Lastly, appellee presented evidence that he paid $2,500.00 to repair the basement. Therefore, we find there was competent, credible evidence that appellant falsely represented that the basement did not have a standing water problem. This false representation was made with the intent of misleading appellee into justifiably relying on the false representation. An injury of $2,500.00 was proximately caused by appellee's reliance on the false representation.
We understand appellant's argument that appellant presented evidence that conflicted with appellee's testimony and that the trial court should have believed him rather than appellee. However, under our standard of review, we must affirm the trial court's decision if there is competent, credible evidence to support the trial court's decision. Therefore, based upon the evidence presented, we find the judgment was not against the manifest weight. Therefore, appellant's second assignment of error is overruled.
The judgment of the Delaware Municipal Court is affirmed.
By EDWARDS, J., FARMER, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed. Costs to appellant.
[1] See R.C. 5302.30 Property Disclosure Form for Transfer of Residential Real Property.
[2] At that point, appellant was under a duty to refrain from engaging in fraud. Tipton, 84 Ohio App.3d at 38. Whether appellant engaged in fraud will be addressed in assignment of error II.