[Cite as *Lewis v. Marita*, 2013-Ohio-5431.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99697**

## IVORY LEWIS

PLAINTIFF-APPELLANT

vs.

## MARIUS G. MARITA, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-774808

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

Daniel S. White
Law Office of Daniel S. White
34 Parmelee Drive
Hudson, Ohio 44236

**ATTORNEY FOR APPELLEES**

Terrence L. Seeberger
Stark & Knoll Company, L.P.A.
3475 Ridgewood Road
Akron, Ohio 44333

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Ivory Lewis ("Lewis") appeals the dismissal of her complaint following a bench trial and assigns the following errors for our review:

> I. The trial court's decision to grant the motion for an involuntary dismissal in this matter constitutes reversible error.

> II. The trial court's decision to grant the motion for an involuntary dismissal in the matter constitutes reversible error on appellant's mutual mistake of fact claim.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} In February 2011, Lewis purchased and took possession of a house located at 6109 Meadowbrook Avenue, Cleveland, Ohio. Lewis purchased the house from appellees Marius and Elena Marita ("the Maritas"), who owned several income properties. In 2010, the Maritas purchased the house, did renovations, and then sold it to Lewis.

{¶4} On January 31, 2012, Lewis filed a complaint against the Maritas alleging fraudulent inducement, fraud, and mutual mistake. Lewis alleged that approximately three months after taking possession of the house, serious moisture problems developed in the basement. Specifically, Lewis alleged the moisture problems caused the contents of the basement to be covered in one-inch thick mold, the carpet became water stained, peeling of the freshly painted basement walls, water puddles in various places, and signs of mildew around the frames of the basement windows.

**{¶5}** Additionally, Lewis alleged that the Maritas fraudulently concealed and misrepresented the true condition of the property when completing the property disclosure form. Further, Lewis alleged that she relied to her detriment on the Maritas' material misrepresentations. Finally, Lewis alleged that the material defects and misrepresentations resulted in the property requiring extensive repair work. Based on the foregoing, Lewis's prayer for relief included a rescission of the real estate contract.

**{¶6}** In their answer, filed February 27, 2012, the Maritas indicated that their responses on the disclosure form were truthful to the best of their knowledge. The Maritas also claimed that Lewis's complaint was barred by the "as is" purchase of the property. The Maritas further claimed the complaint was barred by Lewis's removal of the home inspection contingency to the purchase agreement.

**{¶7}** On October 25, 2012, the Maritas filed a motion for summary judgment and argued, inter alia, that in addition to purchasing the property "as is," Lewis availed herself of the opportunity to fully inspect the property, including the basement that was open to full view. In addition, the Maritas argued Lewis hired a professional home inspector, who spent approximately two hours inspecting the home.

**{¶8}** The Maritas further argued that the home inspector prepared a report that stated in pertinent part: "* * * Front half basement finished with paneling that is concealing the foundation walls. Efflorescence suggest that some moisture has penetrated." The Maritas therefore argued that to the extent that a wetness problem

might have existed, Lewis was aware of that possibility, but proceeded to remove the home inspection contingency and completed the purchase.

{¶9} On February 4, 2013, the trial court granted summary judgment in favor of the Maritas on Lewis's cause of action for mutual mistake of fact, but determined that there was a genuine issue of fact as to the cause of action for fraudulent concealment. On February 20, 2013, a bench trial was conducted on the surviving fraudulent concealment claim.

{¶10} After Lewis presented her evidence, the Maritas moved the trial court to dismiss for failure to prove the elements of fraudulent concealment. The trial court granted the Maritas' motion and subsequently issued findings of fact and conclusions of law. Lewis now appeals.

## Fraudulent Concealment

{¶11} In the first assigned error, Lewis argues the trial court's decision to grant the motion for an involuntary dismissal in this matter constitutes reversible error.

{¶12} Civ.R. 41(B)(2) provides the procedure for an involuntary dismissal in a bench trial:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence * * *.

{¶13} Upon a defendant's motion under Civ.R. 41(B)(2), the trial court's role is "to weigh the evidence, resolve any conflicts therein, and render judgment for the defendant if the plaintiff has shown no right to relief." *Bank One, Dayton, N.A. v. Doughman*, 59 Ohio App.3d 60, 63, 571 N.E.2d 442 (1st Dist.1988). The trial court must, therefore, determine whether plaintiff has established his or her case by a preponderance of the evidence. *Pacher v. Invisible Fence of Dayton*, 154 Ohio App.3d 744, 2003-Ohio-5333, 798 N.E.2d 1121, ¶ 29 (2d Dist.), citing *L.W. Shoemaker, M.D., Inc. v. Connor*, 81 Ohio App.3d 748, 752, 612 N.E.2d 369 (10th Dist.1992).

{¶14} In the instant case, Lewis argues the Maritas fraudulently concealed the existence of water seepage in the basement of the home.

{¶15} In order to prevail upon a claim of fraudulent concealment, Lewis had to establish: (1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance. *Thaler v. Zorvko*, 11th Dist. Lake No. 2008-L-091, 2008-Ohio-6881, ¶ 39, quoting *Massa v. Genco*, 11th Dist. Lake No. 89-L-14-162, 1991 Ohio App. LEXIS 867 (Mar. 1, 1999).

{¶16} R.C. 5302.30 charges the director of commerce to prescribe a disclosure form that sellers of residential real property must provide to purchasers. The form is

> designed to permit the transferor to disclose material matters relating to the physical condition of the property to be transferred, including, but not limited to, the source of the water supply to the property * * *

and any material defects in the property that are within the actual knowledge of the transferor. R.C. 5302.30(D).

A duty of good faith is imposed on the seller, R.C. 5302.30(E)(1), though liability for nondisclosure does not apply to matters "not within the transferor's actual knowledge." R.C. 5302.30(F)(1).

{¶17} A seller's response or nonresponse to the questions posed by the Residential Property Disclosure Form do not warrant the good condition of the property. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767. Rather they constitute the owner's representations concerning his actual knowledge of the condition of the property in respect to the particulars specified. *Id.*

{¶18} A variance between the owner's representations and the truth and fact of the matters concerned may be a basis for a claim of fraud, and the seller's duty of good faith requires him to act with an honest belief or purpose in the responses he provides. *Decaestecker v. Belluardo*, 2d Dist. Montgomery No. 22218, 2008-Ohio-2077, ¶ 45. However, he is not required to speculate, and is charged only to reveal the existence of conditions within his actual knowledge. *Id.*

{¶19} As a general rule, Ohio follows the doctrine of caveat emptor in all real estate transactions, which precludes a purchaser from recovering for a structural defect if: "(1) the condition complained of is open to observation or discoverable upon reasonable inspection; (2) the purchaser had the unimpeded opportunity to examine the premises; and (3) there is no fraud on the part of the vendor." *Midura v. Bosley*, 9th Dist. Wayne No.

12CA0020, 2012-Ohio-5115, quoting *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642 (1988), syllabus.

**{¶20}** In determining whether a defect is open to observation or reasonably discoverable, the issue is ultimately whether the facts were such that a reasonably prudent person would be put on notice of a possible problem. *Yahner v. Kerlin*, 8th Dist. Cuyahoga No. 82447, 2003-Ohio-3967, ¶ 18, citing *Tipton v. Nuzum*, 84 Ohio App.3d 33, 38, 616 N.E.2d 265 (9th Dist.1992). Once alerted to a possible defect, a purchaser may not sit back and then raise his lack of expertise when a problem arises. Upon becoming aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, or (2) seek the advice of someone with sufficient knowledge to appraise the defect. *Id.*

**{¶21}** As we have previously held, if a seller fails to disclose a material fact on a residential property disclosure form with the intention of misleading the buyer, and the buyer relies on the form, the seller is liable for any resulting injury. *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 18, citing *Pedone v. Demarchi*, 8th Dist. Cuyahoga No. 88667, 2007-Ohio-6809, ¶ 31. When a buyer has had the opportunity to inspect the property, however, "he is charged with knowledge of the conditions that a reasonable inspection would have disclosed." *Wallington*; *Pedone* at ¶ 33.

**{¶22}** The purchase agreement in this case contained an "as is" clause, which essentially disclaims any warranties by the seller. In such a case, a buyer, therefore,

agrees to make his or her own appraisal of the bargain and accepts the risk that he or she may be wrong. *Kern v. Buehrer*, 8th Dist. Cuyahoga No. 97836, 2012-Ohio-4057, ¶ 5, citing *Tipton*, 84 Ohio App.3d at 39, 616 N.E.2d 265. An "as is" clause, however, does not prevent recovery where a buyer has demonstrated that a seller has engaged in fraud. *Kern*, citing *Brewer v. Brothers*, 82 Ohio App.3d 148, 151, 611 N.E.2d 492 (12th Dist.1992).

**{¶23}** As previously noted, the purchase agreement had a home inspection contingency, and Lewis had the home inspected. The evidence established that Lewis attended the inspection that lasted approximately two hours and, directly relevant to the instant matter, the inspector provided a report that specifically stated: "* * * Efflorescence suggest that some moisture has penetrated." As previously noted, following the inspection, Lewis removed the home inspection contingency and proceeded to purchase the property "as is."

**{¶24}** At trial, Marius Marita testified that he had no knowledge of any water problems in the basement. Furthermore, knowledge of the water problem cannot be inferred from the facts of the case. The evidence established that Marius Marita, a full-time electrical engineer, along with his wife, owned about eight income-producing properties. Marita testified that they buy some properties for resale and buy some to keep as rentals.

**{¶25}** The evidence established that the Maritas purchased the subject property, made certain repairs, and in little more than a year, sold the property to Lewis. During

that time period, the house was unoccupied. The fact that the Maritas painted or primed the basement walls does not necessarily establish that they knew of a water problem and attempted to conceal that fact. Further, Lewis had the home inspected by a professional home inspector who failed to discover significant water problems with the basement during the course of his inspection.

{¶26} In light of the foregoing, we find that the trial court's determination that there was no fraudulent concealment on the part of the Maritas was supported by competent, credible evidence. As such, the trial court properly granted the motion for involuntary dismissal. Accordingly, we overrule the first assigned error.

### Mutual Mistake of Fact

{¶27} In the second assigned error, Lewis argues the trial court erred in granting the Maritas' motion for an involuntary dismissal on the mistake of fact claim.

{¶28} Preliminarily, we note, this claim was disposed of on summary judgment, not by an involuntary dismissal following the bench trial as Lewis now purports. Further, Lewis did not designate in the notice of appeal the trial court's decision granting summary judgment on the mistake of fact claim in favor of the Maritas.

{¶29} App.R. 3(D) provides, in relevant part:

Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. * * *

**{¶30}** Ordinarily, we would decline to review a judgment or order that was not designated in the notice of appeal. *See, e.g.*, *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, 916 N.E.2d 862 (8th Dist.), *appeal not allowed*, 124 Ohio St.3d 1417, 2009-Ohio-6816, 919 N.E.2d 216; *State v. Pond*, 8th Dist. Cuyahoga No. 91061, 2009-Ohio-849; *Harrison v. Creviston*, 168 Ohio App.3d 349, 2006-Ohio-3964, 860 N.E.2d 113 (8th Dist.). However, given our discretion to determine the appropriate sanctions, if any, for an otherwise defective notice of appeal, we will address the assigned error. *See Consol. Church Fin. Co. v. Geauga Sav. Bank*, 8th Dist. Cuyahoga No. 94715, 2011-Ohio-1360.

**{¶31}** Ohio recognizes the doctrine of mutual mistake of fact as a ground for the rescission of a real estate contract where: (1) there is a mutual mistake as to a material fact in the contract; and (2) the complaining party is not negligent in failing to discover the mistake. *Reilley v. Richards*, 69 Ohio St.3d 352, 352-353, 1994-Ohio-528, 632 N.E.2d 507. "A mistake is material to a contract when it is 'a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.'" *Id*. at 353, quoting 1 Restatement of the Law 2d, Contracts, Mistake, Section 152(1) at 385 (1981). The intention of the parties, therefore, "must have been frustrated by the mutual mistake." *Id*.

**{¶32}** In the instant case, Lewis completed an "as is" purchase agreement following a professional  inspection of the property. We have previously held that, under such facts, the buyer cannot argue that the absence of water problems in the

basement was "a basic assumption upon which the contract was made." *Wallington*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, at ¶ 27.

**{¶33}** Further, we have determined that "the claimed defects in the property as to water intrusion issues do not go to the character of the property, were not material to the completion of the contract, and did not frustrate either side's ability to complete the contract." *Id.* Moreover, Lewis does not demonstrate that, because of the water intrusion, the home has lost a significant portion of its fair market value or has become uninhabitable. *Novotny v. Fierle*, 11th Dist. Lake No. 2011-L-148, 2012-Ohio-4007, ¶ 30 (finding that the development of the new water seepage problem did not materially affect a basic underlying assumption of the parties' purchase agreement).

**{¶34}** Finally, the home inspection report specifically stated: "* * * Efflorescence suggest that some moisture has penetrated." This observation should have, upon the exercise of due care, alerted Lewis and the home inspector of the possibility of a water problem prior to the purchase of the home. As such, the trial court's conclusion, when it granted summary judgment in favor of the Maritas, that there was no mutual mistake of fact, is supported by competent, credible evidence and its decision, therefore, will not be reversed. Accordingly, we overrule the second assigned error.

**{¶35}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR