[Cite as *AE Property Servs., L.L.C. v. Sotonji*, 2019-Ohio-786.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106967**

**AE PROPERTY SERVICES, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**EMILIJA SOTONJI**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-873295

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 7, 2019

-i-

**ATTORNEY FOR APPELLANT**

Gary A. Vick
5323 Pearl Road
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEE**

Matthew O. Williams
Bryan P. O'Malley
Dean M. Valore
21055 Lorain Road
Fairview Park, Ohio 44126

ANITA LASTER MAYS, J.:

## I.      Introduction

{¶1}     The sole issue presented by plaintiff-appellant AE Property Services, L.L.C. ("AE") in this appeal is whether the trial court erred by granting summary judgment in favor of defendant-appellee Emilija Sotonji ("Sotonji") on all claims arising from a residential real estate transaction between the parties.  We find that the trial court did not err and affirm the trial court's judgment.

## II.      Standard of Review

{¶2}     We review a trial court's entry of summary judgment de novo, using the same standard as the trial court.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Summary judgment may only be granted when the following is established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is

adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(E).

{¶3} The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." *Willow Grove, Ltd. v. Olmsted Twp*., 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 14-15 (8th Dist.), citing *Dresher*. "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove* at ¶ 15, citing *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

## III. Discussion

{¶4} On March 27, 2014, AE and Sotonji entered into a residential purchase agreement for property located at 2030 Quail Street, Lakewood, Ohio 44107 ("Lakewood Property"). Sotonji provided an Ohio Residential Property Disclosure Form dated January 5, 2013, that included a representation that Sotonji had knowledge of water damage, but had no knowledge of termites or wood-destroying insects in the premises. AE claims that Sotonji actively concealed holes in the wood caused by termite damage by filling the holes and painting over them, and installing a peg board ceiling in the basement to conceal the damaged wooden support beams.

**{¶5}** On August 6, 2015, AE filed suit against Sotonji in *AE Property Servs., L.L.C. v. Emilijo Sotonji*, Cuyahoga C.P. No. CV-15-849369. The case was dismissed without prejudice on April 14, 2016.

**{¶6}** On December 16, 2016, AE filed a new complaint against Sotonji for fraud, fraudulent concealment, negligence, and negligent misrepresentation. AE claimed that the damage was so extensive that the repairs will exceed $35,000 or demolition may be necessary.

**{¶7}** Sotonji responded on January 17, 2017. The case was set for trial on January 30, 2018. On October 31, 2017, after the June 30, 2017 discovery deadline and the September 1, 2017 expert deadline had passed, Sotonji moved for summary judgment on all claims.

**{¶8}** Sotonji denied liability because the agreement stated that the Lakewood Property was sold "as is." Sotonji, who was born in Croatia and moved to the United States in 1969, averred in her supporting affidavit that she and her late husband purchased the Lakewood Property in 1975. Her husband handled all maintenance and care for the Lakewood Property until he passed away in 2003. Sotonji recalled that her husband obtained permits to build an additional unit at the front of the house in the 1980s and that, at one point, the couple thought that cockroaches were entering the Lakewood Property through the sewer lines.

**{¶9}** Sotonji denied knowledge of any termite damage or other undisclosed issues with the house and her husband never mentioned it. Sotonji did not have any work done to remodel or reconstruct the Lakewood Property to conceal termite damage and filled out the disclosure form with the assistance of her realtor. The realtor also informed Sotonji that the house was

being sold "as is" and that the purchaser[1] waived the right to inspect the Lakewood Property. As a result, Sotonji sought judgment based on the doctrine of caveat emptor or buyer beware.

{¶10}  AE's owner and manager, Edward Salim ("Salim"), provided the affidavit in support of AE's opposition to summary judgment along with photographs of the damaged areas. AE is in the business of buying houses, remodeling houses, and property management.  Salim stated that he had more than 20 years of experience in the construction trades including commercial and residential remodeling.  Salim claimed that AE relied on the disclosure form in purchasing the Lakewood Property.

{¶11}  Salim also said that he inspected the Lakewood Property on three occasions,  that it was clear that all rooms had been freshly painted and claimed that Sotonji confirmed that fact. AE rented the Lakewood Property to a family approximately one month after the purchase.  The galvanized pipes burst and, while making the repairs, Salim reportedly discovered extensive termite damage in various areas of the Lakewood Property.  Salim averred that concealment of the termite damage was extensive and purposeful.  The opposing memorandum also pointed out that Sotonji had failed to produce evidence of her defense because the agreement and disclosure form were not entered into evidence.

{¶12}  Sotonji attached the agreement and disclosure form to her reply brief, observing that the documents were referenced in AE's complaint but were not attached as required by Civ.R. 8(A) and 10(D).  Sotonji also admitted to referencing the documents in her answer but also failed to attach them, and requested leave to file an amended answer if necessary.  Further, Sotonji argued that Salim's affidavit should be stricken from the record because it was not accompanied by an expert report and the attached photographs are blurred and unclear.  Finally,

---

[1]  The affidavit erroneously lists the term "seller" as accepting the house "as is" and waiving inspection.

Sotonji replied that, even if AE's assertions are accepted as true, AE still did not prove the allegations of the complaint.

{¶13} Review of the agreement reveals at line 6 that the buyer accepts the Lakewood Property "in it's 'AS IS' PRESENT PHYSICAL CONDITION." A section entitled "Inspection" is on page 3 of the agreement.

> Buyer(s) acknowledges that it has been recommended to him/her that he/she engage, at his/her expense, the services of professional inspectors to Inspect the premises to ascertain that the condition of the premises is as called for in this agreement. This agreement shall be subject to the following inspection(s) by a qualified inspector of Buyer's choice within the specified number of days from acceptance of binding agreement. Buyer(s) assumes sole responsibility to select and retain a qualified inspector for each requested inspection and releases Broker of any and all liability regarding the selection or retention of the inspector(s). If Buyer(s) does not elect inspections, Buyer(s) acknowledges that Buyer(s) is acting against the advice of Buyer's agent and broker. Buyer(s) understands that all real property and improvements may contain defects and conditions that are not readily apparent and which may affect a property's use or value. Buyer(s) and Seller(s)agree that the Broker(s) and their agent(s) do not guarantee and in no way assume responsibility for the property's condition.
>
> Buyer(s) acknowledges that it is Buyer's own duty to exercise reasonable care to inspect and make diligent inquiry of the Seller(s) or Buyer's inspectors regarding the condition and systems of the property. Buyer(s) further acknowledges that the entire house was open for observation and that Buyer(s) had an unimpeded opportunity to inspect the entire house and did inspect said house. The Buyer(s) further understands and agrees that it is not the responsibility of the brokerage firms or real estate agents to inspect the property and agrees to waive all liability and hold harmless any brokerage firm or real estate agent connected with this transaction.

{¶14} AE indicated by check mark a refusal to hire an inspector for all of the listed categories, including for "termite/wood destroying insect inspection by a licensed inspector." The agreement is signed by Amy Salim on behalf of AE. The "as is" and inspection sections are also initialed on behalf of AE. Pursuant to the addendum, the parties agreed to conduct a walk-through inspection prior to depositing funds in escrow.

**{¶15}** The disclosure form is required by Ohio law at R.C. 5302.30 and Ohio Adm.Code 1301:5-6-6 and is initialed and signed by both parties. Sotonji disclosed an issue of water intrusion in the west wall of the Lakewood Property during heavy rain and minor cracks in that wall. Sotonji responded "no" to the question of whether she had knowledge of current or previous wood-destroying insects or termites at the Lakewood Property or any existing damage due to them.

### A. Fraud and Fraudulent Concealment

**{¶16}** AE argues that caveat emptor does not apply to claims of fraud and fraudulent concealment. We disagree.

**{¶17}** We previously addressed the applicability of the doctrine of caveat emptor in an "as is" residential sale in *McDonald v. JP Dev. Group, L.L.C.*, 8th Dist. Cuyahoga No. 99322, 2013-Ohio-3914.

> As a general rule, Ohio follows the doctrine of caveat emptor in all real estate transactions, which precludes a purchaser from recovering for a structural defect if: "(1) the condition complained of is open to observation or discoverable upon reasonable inspection; (2) the purchaser had the unimpeded opportunity to examine the premises; and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642 (1988), syllabus.

*Id*. at ¶ 11.

**{¶18}** To establish fraud, AE must show

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Id*. at ¶ 13, citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

**{¶19}** To establish fraudulent concealment, AE must demonstrate

"'(1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance.'"

*Lewis v. Marita,* 8th Dist. Cuyahoga No. 99697, 2013-Ohio-5431, ¶ 15, citing *Thaler v. Zorvko*, 11th Dist. Lake No. 2008-L-091, 2008-Ohio-6881, ¶ 39, quoting *Massa v. Genco*, 11th Dist. Lake No. 89-L-14-162, 1991 Ohio App. LEXIS 867 (Mar. 1, 1999).

**{¶20}** In *McDonald*, 8th Dist. Cuyahoga No. 99322, 2013-Ohio-3914, the residential purchasers filed suit against the seller claiming fraud and fraudulent inducement due to a basement water problem that was not disclosed. The seller owned the property for approximately one year before repairing it and selling it to the purchaser and never resided in the residence. The agreement indicated that the sale was "as is" and a property inspection was permitted prior to transfer. *Id*. at ¶ 2-3.

**{¶21}** The purchasers walked through the property several times and their property inspector recommended a basement dehumidifer explaining that humidity is common in the basement of older homes. *Id*. at ¶ 5. The purchasers observed fresh paint in the basement but did not notice a problem. The seller did not make any statements about the basement. *Id*. at ¶ 5.

**{¶22}** Pertinent to the current case, we advised

if a seller fails to disclose a material fact on a residential property disclosure form with the intention of misleading the buyer, and the buyer relies on the form, the seller is liable for any resulting injury. *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 18, citing *Pedone v. Demarchi*, 8th Dist. Cuyahoga No. 88667, 2007-Ohio-6809, ¶ 31. *When a buyer has had the opportunity to inspect the property, however, "he is charged with knowledge of the conditions that a reasonable inspection would have disclosed." Wallington*; *Pedone* at ¶ 33.

(Emphasis added.)   *Id*. at ¶ 14.

**{¶23}**   An "as is" sale indicates that the buyer has agreed to "make his or her own appraisal" "and accept the risk" of making the wrong decision. *Id*. at ¶ 15, citing   *Kern v. Buehrer*, 8th Dist. Cuyahoga No. 97836, 2012-Ohio-4057, ¶ 5, citing *Tipton v. Nuzum,* 84 Ohio App.3d 39, 616 N.E.2d 265 (9th Dist.1992).   It is true that "[a]n 'as is' clause" "does not prevent recovery where a buyer has demonstrated that a seller has engaged in fraud." *Id*. at ¶ 15, citing *Kern*, citing *Brewer v. Brothers*, 82 Ohio App.3d 148, 151, 611 N.E.2d 492 (12th Dist.1992).

**{¶24}**   The agreement here clearly indicated that the Lakewood Property was being sold "as is."   "'While the doctrine of caveat emptor still applies, R.C. 5302.30(A)(1) requires sellers of real estate to disclose'" on the statutory disclosure form any "'patent or latent defects that are within'" the seller's "'*actual knowledge*.'"   (Emphasis added.)   *Hendry v. Lupica*, 8th Dist. Cuyahoga No. 105839, 2018-Ohio-291, ¶ 7, quoting *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 15-18.   *See also Legg v. Ryals*, 8th Dist. Cuyahoga No. 103221, 2016-Ohio-710, ¶ 9.

**{¶25}**   As required by R.C. 5302.30(D)(1), the disclosure form advises,

Purpose of Disclosure Form: This is a statement of certain conditions and information concerning the property actually known by the owner.  Any owner may or may not have lived at the property and unless the potential purchase is informed in writing, the owner has no more information about the property than could be obtained by a careful inspection of the property by a potential purchaser. Unless the potential purchaser is otherwise informed, the owner has not conducted any inspection of generally inaccessible areas of the property. This form is required by Ohio Revised Code Section 5302.20.

**{¶26}**   The disclosure form also cautions in bold print

**THIS FORM IS NOT A WARRANTY OF ANY KIND BY THE OWNER OR BY ANY AGENT OR SUBAGENT REPRESENTING THE OWNER. THIS FORM IS NOT A SUBSTITUTE FOR ANY INSPECTIONS.**

**POTENTIAL PURCHASERS ARE ENCOURAGED TO OBTAIN THEIR OWN PROFESSIONAL INSPECTION(S).**

{¶27} Sotonji averred that she had no knowledge of any termite issues but disclosed the water issue that she was aware of. Salim averred that he considered himself to be an expert in the construction field and had extensive experience in residential and commercial remodeling. Salim observed that the rooms had been freshly painted and walked through the Lakewood Property three times but did not hire a professional inspector to examine for termites, plumbing, electrical, or other issues. AE expressly declined to hire inspectors to inspect the Lakewood Property.

{¶28} The discovery and expert deadlines passed several months prior to the summary judgment filing. The record is devoid of evidence that Sotonji acted knowingly, recklessly, or intentionally, or with such utter disregard as to truth or falsity that knowledge may be inferred, with the intent of misleading AE into reliance. AE said that it relied on the disclosure form and the disclosure form is based on "actual knowledge." R.C. 5302.30(D)(1).

**B.      Negligence and Negligent Misrepresentation**

{¶29} We also affirm the trial court's findings on AE's claims for negligence and negligent misrepresentation. "'An "as is" clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose.'" *Moreland v. Ksiazek*, 8th Dist. Cuyahoga No. 83509, 2004-Ohio-2974, ¶ 56, quoting *Rogers v. Hill*, 124 Ohio App.3d 468, 471, 706 N.E.2d 438 (4th Dist.1998). "Therefore, as long as a seller does not engage in fraud, these two principles, caveat emptor and the 'as is' clause, bar any claims brought by a buyer." *Id*. at ¶ 57. *See also Kossutich v. Krann*, 8th Dist. Cuyahoga No.

57255, 1990 Ohio App. LEXIS 3449, at 8 (Aug. 16, 1990) ("[t]he doctrine of caveat emptor bars a cause of action based upon negligent misrepresentation.   [Citations omitted.]")

## IV.    Conclusion

**{¶30}**   Construed in a light most favorable to AE, and based on our review of the entire record, we find that the trial court did not err in its determination that there are no genuine issue of material fact and Sotonji is entitled to judgment as a matter of law.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR